# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**MICHAEL MCNEIL,**
    **Petitioner,**

**v.**                                    **Case No. 5:24cv175-MW/MAF**

**STATE OF FLORIDA,**
    **Respondents.**
_____/

## REPORT AND RECOMMENDATION

On June 4, 2024, Petitioner Michael McNeil, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed an amended petition. ECF No. 13; *see* ECF No. 10. On March 14, 2025, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 17. Petitioner McNeil has filed a reply. ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Respondent's motion should be denied.

## **Procedural Background**

Petitioner Michael McNeil challenges his conviction and sentence from the Fourteenth Judicial Circuit, Bay County, Florida, following a jury trial in case number 15001502CFMA.  ECF No. 13; *see* Ex. 1.[1]  In particular, on December 6, 2016, the jury found McNeil guilty of five second degree felonies – three counts of lewd and lascivious battery in violation of section 800.04, Florida Statutes, and two counts of lewd and lascivious molestation in violation of section 800.04, Florida Statute – that occurred on or about October 1, 2014, to on or about April 8, 2015.  *See* Ex. 1, Ex. 10.  On December 22, 2016, the trial court adjudicated him guilty and sentenced him, as an Habitual Felony Offender, to concurrent terms of life in prison on each count.  *See* Ex. No. 1, Ex. No. 10.

McNeil timely appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D17-143.  *See* Ex. 2.  His counsel filed an initial brief, Ex. 2, and the State filed an answer brief, Ex. 18.  On September 27, 2018, a panel of the First DCA, consisting of Judges Roberts, Wetherell, and Clark, per curiam affirmed the case without a written opinion.  Ex. 3; McNeil v. State, 253 So. 3d 550 (Fla. 1st DCA 2018) (table).

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.17.

McNeil filed a pro se motion for rehearing.  Ex. 4.  By order on November 15, 2018, the First DCA struck the motion for rehearing because McNeil had representation by counsel.  Ex. 5.  McNeil not seek further direct review.

On November 6, 2019, McNeil filed a pro se motion to correct an illegal sentencing error in the state trial court pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. 9.  In an order rendered February 7, 2020, the court denied the motion.  Ex. 10.  McNeil appealed to the First DCA and, on September 17, 2020, that court per curiam affirmed the case, assigned number 1D20-623, without a written opinion.  Ex. 11; McNeil v. State, 302 So. 3d 824 (Fla. 1st DCA 2020) (table).

In the meantime, on December 18, 2019, McNeil filed in the First DCA a pro se petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel.  Ex. 6.  On February 19, 2020, the First DCA denied the petition on the merits, without explanation.  Ex. 7; McNeil v. State, 292 So. 3d 469 (Fla. 1st DCA 2020) (table).  McNeil filed a motion for rehearing, which the First DCA denied by order on April 7, 2020.  Ex. 8.

On June 8, 2020, during the pendency of the appeal from denial of his Rule 3.800(a) motion, McNeil filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 12.  He subsequently filed an amended Rule 3.850 motion.  Ex. 13.  Following an

evidentiary hearing held on August 19, 2022, and September 8, 2022, the state post-conviction trial court denied relief in an order rendered November 16, 2022. Ex. 14. McNeil appealed to the First DCA and his attorney filed an initial brief in assigned case number 1D22-4100. Ex. 15. The State filed an answer brief. Ex. 16. On April 11, 2024, the First DCA affirmed the case without a written opinion. Ex. 17; McNeil v. State, 383 So. 3d 772 (Fla. 1st DCA 2024) (table). The mandate issued April 29, 2024. *See* online docket at acis.flcourts.gov/portal/court.

As indicated above, on June 4, 2024, McNeil filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed an amended petition. ECF No. 13; *see* ECF No. 10. Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 17. Petitioner McNeil has filed a reply. ECF No. 20.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is

removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, on September 27, 2018, the First DCA per curiam affirmed McNeil's direct appeal without a written opinion. Ex. 3. McNeil filed a pro se motion for rehearing, Ex. 4, which the First DCA struck by order on November 15, 2018, because McNeil had representation by counsel. Ex. 5. McNeil not seek further direct review. Respondent indicates McNeil's conviction became final for federal habeas purposes on **December 26, 2018**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. ECF No. 17 at 6. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Petitioner McNeil agrees with this date of finality. ECF No.

20 at 1-2.  At least arguably, however, the ninety-day period for seeking certiorari review in the U.S. Supreme Court did not start until after November 17, 2018, when the First DCA struck McNeil's pro se motion for rehearing. *See, e.g.*, Lowe v. Fla. Dep't of Corr., 679 F. App'x 756, 758 (11th Cir. 2017) ("Lowe's conviction became final on March 10, 2010, 90 days after the denial of his motion for rehearing on direct appeal.").  Under this view, McNeil's conviction became final for federal habeas purposes on February 13, 2019.  As explained below, Respondent has made other errors in its analysis and McNeil's petition is timely regardless of which date is used.

Accepting the Respondent's date, for the sake of argument, McNeil had one year thereafter, or until Thursday, December 26, 2019, to file a federal habeas petition, absent tolling activity.  *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

After December 26, 2018, McNeil filed his pro se Rule 3.800(a) motion in the state trial court on November 6, 2019, stopping the AEDPA clock at 315 days.  *See* Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002) (holding that properly filed Rule 3.800 motion tolls AEDPA limitations period). Respondent erroneously indicates, without explanation, that McNeil's first state court filing is his habeas petition filed in the First DCA on December 18, 2019, rather than the Rule 3.800(a) motion filed in the state trial court on November 6, 2019.  *See* ECF No. 17 at 2, 7.

The AEDPA time remained tolled through April 29, 2024, when the First DCA issued the mandate in the appeal of the denial of Rule 3.850 post-conviction relief.  *See* online docket at acis.flcourts.gov/portal/court; Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding "state motions for post-conviction relief were pending until the mandates issued" in the appeal from denial of relief).  Respondent erroneously indicates the AEDPA clock resumed after the First DCA issued its affirmance, rather than after the date of the mandate.  *See* ECF No. 17 at 7.  The AEDPA clock resumed on April 30, 2024, with 50 days remaining.

McNeil filed his § 2254 petition on June 4, 2024, after only 35 more days had passed.  Therefore, even accepting the Respondent's date of finality for his conviction, and using the filings provided by Respondent,

McNeil's federal habeas petition is timely. Respondent's motion to dismiss should be denied.

## Conclusion

The § 2254 petition is timely. Therefore, Respondent's motion to dismiss, ECF No. 17, should be denied.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 17, be **DENIED**.  It is further **RECOMMENDED** that Respondent be directed to file an answer to the amended habeas petition, ECF No. 13, within sixty (60) days of the order adopting this Report and Recommendation, and Petitioner be permitted to file a reply, if any, within thirty (30) days after service of Respondent's answer.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the</u>

**electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**